# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**ROBERT LEE TAYLOR**                                                                    **PLAINTIFF**

**v.**                                         **NO. 3:18-CV-116-BD**

**NANCY A. BERRYHILL, Acting Commissioner,**
**Social Security Administration**                                                       **DEFENDANT**


## ORDER AFFIRMING THE COMMISSIONER

Robert Taylor applied for social security disability benefits with an amended alleged disability onset date of February 21, 2014. (R. at 57). The administrative law judge (ALJ) held a hearing, after which he denied the applications. (R. at 45–46). The Appeals Council denied review. (R. at 1). Mr. Taylor has requested judicial review, and the parties have consented to the jurisdiction of the magistrate judge. (Docket entry #4)

### I.     The Commissioner's Decision

The ALJ found that Mr. Taylor had the following severe impairments: degenerative disk disease of the lumbar spine, osteoarthritis of the left knee, history of supraventricular tachycardia status post ablation, essential hypertension, morbid obesity, and generalized anxiety disorder. (R. at 29). The ALJ further found that Mr. Taylor had the residual functional capacity (RFC) to perform light work except that he would be limited to only occasional stooping kneeling, crouching, and crawling; and would be limited to work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little

judgment, and the supervision is simple, direct, and concrete. (R. at 31). This RFC precluded Mr. Taylor's past relevant work. (R. at 44). A vocational expert (VE) testified that Mr. Taylor's RFC would allow the performance of other jobs, however, such as sub-assembler or marking clerk. (R. at 45). The ALJ held, therefore, that Mr. Taylor was not disabled. (R. at 45–46).

## II. Discussion

In this appeal, the Court's task is to review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Substantial evidence in this context means enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the Commissioner's decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

In this appeal, Mr. Taylor challenges the ALJ's assessment of his credibility and the ALJ's finding that he could perform a reduced range of light work.

### A. Credibility Assessment

The ALJ found that Mr. Taylor's allegations were not entirely credible. Mr. Taylor objects to this finding, arguing that the ALJ misstated several medical findings and incorrectly determined that his condition had improved.

Courts defer to an ALJ's credibility determination where it is supported with good reasons and by substantial evidence. *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014).

In assessing credibility, the ALJ must consider many factors, including: the claimant's daily activities; the duration and intensity of the pain; precipitating and aggravating factors; the dosage, effectiveness and side-effects of medication; and functional restrictions; work history. *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012) (*citing Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). The ALJ is not required to specifically address each *Polaski* factor. *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004). Of course, "an ALJ may not discount a claimant's subjective complaints solely because the objective medical evidence does not fully support them." *Wiese v. Astrue,* 552 F.3d 728, 733 (8th Cir.2009). The ALJ gave good reasons for discounting the credibility of Mr. Taylor's subjective complaints.

Here, the specific findings that Mr. Taylor objects to are really not findings at all, but rather, summaries of his medical records. For instance, he objects to the ALJ's statement that he was "no longer experiencing chest discomfort and had not been experiencing lightheadedness, drowsiness, palpitations, increased peripheral edema, or increased abdominal growth . . . [and] . . . was diagnosed with hypertension, chest pain and lightheadedness—resolved, palpitations, likely associated with atrial tachycardia, and abnormal electrocardiogram." (R. at 33). This recitation is quoted, almost verbatim, from Mr. Taylor's medical records. (R. at 307, 309). The ALJ went on to summarize Mr. Taylor's medical records, including those showing that his symptoms had returned. (R. at 33–43). To the extent Mr. Taylor objects to these summaries, he is objecting to the medical records themselves.

Mr. Taylor also points to records from June and July of 2017, arguing that his symptoms were worse than characterized by the ALJ. (R. at 9–22). As the Appeals Council noted, the ALJ did not mischaracterize Mr. Taylor's reported symptoms from the summer of 2017 because the ALJ did not consider, and could not have considered, records created *after* he rendered his decision. (R. at 2).

In fact, Mr. Taylor's only substantive objection in this appeal is to the ALJ's summary of his medical records. After a review of the medical records, the Court concludes that the ALJ accurately summarized Mr. Taylor's medical records.

The ALJ relied, in part, on Mr. Taylor's daily activities in finding that subjective complaints were not entirely credible. Mr. Taylor testified that he cared for his wife, including taking her to daily wound-care appointments. (R. at 67–68). He reported doing laundry, ironing, and washing. (R. at 252). Although Mr. Taylor did not do yard work, this was because the housing authority assumed responsibility yard maintenance. (R. at 253). The ALJ's credibility determination is supported by substantial evidence on the record as a whole.

### B. Residual Functional Capacity

Mr. Taylor contends that the ALJ erred in finding him capable of performing a reduced range of light work. His argument, however, is underdeveloped. He argues that he cannot stand and/or walk for six hours in an eight-hour workday, but the only evidence he cites to support this contention is his own testimony, which the ALJ properly found not to be completely credible. No medical provider found limits in Mr. Taylor's ability to stand and/or walk; and a review of the record reveals no such limitations in the ability to

stand and/or walk. Mr. Taylor has not pointed to any medical evidence indicating that he is more limited than the ALJ found. Furthermore, the Court finds no error in the ALJ's decision.

## III. Conclusion

There is substantial evidence to support the Commissioner's decision. The ALJ committed no error. Accordingly, the Commissioner's decision is AFFIRMED.

SO ORDERED, this 2nd day of April 2019.

_____
UNITED STATES MAGISTRATE JUDGE